IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN FITZGERALD HENDERSON, SR.,
Inmate # D87291,
    Plaintiff,

vs.                                                  Case No. 3:16cv28/MCR/EMT

CORIZON HEALTHCARE
CORPORATION, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 1). Leave to proceed in forma pauperis has been granted (ECF No. 7).

Because Plaintiff is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action "is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Having conducted a thorough review, the court is satisfied that this action is malicious and thus recommends dismissal under section 1915(e)(2)(B)(i).

Plaintiff submitted his complaint to prison officials for mailing on January 12, 2016.  As an inmate at Santa Rosa Correctional Institution, Plaintiff alleges that his CPAP medical device was taken from him, apparently during the course of his transfer(s) within the prison system.  Plaintiff also alleges that he has been sexually assaulted in his sleep, in part as a retaliatory action against him, evidently for reporting on similar assaults taken against him at Santa Rosa or at other institutions.  He seeks compensatory and punitive damages as well as injunctive relief to be transferred to the South Florida Regional Medical Center for proper medical treatment, or alternatively to be released early from his prison sentence.

Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (ECF No. 1 at 3–5).  In Question A of Section IV, which requests information regarding any previous cases Plaintiff might have filed in state court that deal with the same or similar facts as those in the instant action, Plaintiff answered "Yes" and disclosed two cases, the first being <u>Henderson v. Crews</u>, Case No. 2012CA003918, identified as having been filed in Leon County, Florida.  This state case concerned the loss of and failure to replace his CPAP device (ECF No. 1 at 3).  The second case Plaintiff disclosed was <u>Henderson v. Jones</u>, Case No. 2015CA002161, which Plaintiff describes as a mandamus action

that also dealt with the deprivation of his CPAP device but also referenced his alleged sexual assaults (*id.* at 4).

In Question B of Section IV, which requests information regarding any previous cases Plaintiff might have filed in *federal* court that deal with the same or similar facts as those in the instant action, Plaintiff answered "Yes" to the question and identified Case No. 3:15cv480/RV/EMT, which was filed in this court on November 12, 2015, and remains pending. Plaintiff represents that this previous case alleges that, without his CPAP device, he sleeps in "a coma-like state" which allows staff to sexually attack him while he sleeps (*id.* at 3, 5).

Question C of Section IV asks, "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at 5). Plaintiff answered "Yes" to this question and referenced a case filed on August 24, 2015, in the Middle District of Florida, <u>Henderson v. Johnson</u>, Case. No. 6:15cv01528. Plaintiff states that

this case also involved sexual assaults against him during his sleep, in violation of the Prison Rape Elimination Act.

Question D of Section IV asks, "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" (*id.*). To this question, Plaintiff answered "No."

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (ECF No. 1 at 8).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000). Further, because prisoner plaintiffs generally proceed pro se, the information

helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

Upon review, this court takes judicial notice, that as of the date Plaintiff filed his complaint, he had previously filed <u>Henderson, v. Osceola County Corrections</u>, Case No. 6:15cv2156 in the Middle District of Florida, on December 23, 2015. This complaint appeared to involve allegations surrounding Plaintiff's use of the prison grievance system at the Osceola County Jail and issues regarding prisoner mail, and it also made allegations regarding sexual assaults perpetrated against Plaintiff while he was asleep. The case was dismissed on January 4, 2016, for Plaintiff's failure to pay the filing fee or seek leave to proceed in forma pauperis.

At the time the instant case was filed, Plaintiff had also filed <u>Henderson v. Beverly</u>, Case No. 6:08cv01797, in the Middle District of Florida. This case concerned an injury to Plaintiff's elbow for which he claimed inadequate medical treatment at the Osceola County Jail. Plaintiff also alleges that he was taken to a hospital, and when he awakened he noticed that there were burn marks on his arm. Plaintiff also claimed he was subjected to retaliatory treatment and was provided

inadequate access to the prison library. This case was dismissed on April 10, 2009, for Plaintiff's failure to state a claim upon which relief could be granted.[1]

Plaintiff failed to identify either of the above cases in any of the sections of the complaint form despite the fact that either case should have been identified under Questions IV. C or D. Additionally, the court notes that the facts presented in the current complaint are similar in nature to the claims that Plaintiff pursued in these undisclosed previous cases.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the

---

[1] In both of these previous cases, the inmate number of the plaintiff is identified as 579080, which differs from the inmate number Plaintiff identifies in the instant action, but this is likely owing to the fact that at the time of his previous cases he was housed at the Osceola County Jail, which is not a part of the Department of Corrections and therefore used a different numeric identification system. In all these referenced cases, Plaintiff's full name is identified as "John Fitzgerald Henderson, Sr.," and thus the court is satisfied that the plaintiff in all these cases is the same person.

Case No: 3:16cv28/MCR/EMT

action may result from his untruthful answers.² If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause <u>without prejudice</u>.³ *See*, *e.g.*, Hanson v. McCaul, Case No. 4:09cv126-SPM/WCS, 2009 WL 3010481, at **1–2 (N.D. Fla. Sept. 16, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose two federal cases (both of which were previously dismissed for failure to comply with court orders) on complaint form which required prisoner litigants to list all other cases that plaintiff had previously initiated in state and federal court); Thomas v. Ammons, Case No. CV409-139, 2009 WL 5174109, at **1–3 (S.D. Ga. Dec. 23, 2009)

---

² Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* ECF No. 1 at 3) (emphasis and capitalization in original).

³ Dismissal without prejudice is not too severe a sanction under these circumstances. Plaintiff is free to re-file if he so chooses. *See* Order of Dismissal, Spires, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

Case No: 3:16cv28/MCR/EMT

(dismissing case without prejudice for prisoner plaintiff's failure to disclose four federal cases (two of which were previously dismissed for failure to comply with court orders and the other two were previously voluntarily dismissed by plaintiff) on complaint form which demanded litigation information regarding "any lawsuits brought in federal court . . ."). Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it respectfully **RECOMMENDED**:

1.      That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious and that Plaintiff be assessed a "strike" under 28 U.S.C. § 1915(e).

2.  That all pending motions be **DENIED** as moot.

At Pensacola, Florida, this 22nd day of June 2016.

                /s/ *Elizabeth M. Timothy*
                **ELIZABETH M. TIMOTHY**
                **CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No: 3:16cv28/MCR/EMT